# AMERICAN DIRIGOLD CORPORATION v. DIRIGOLD METALS CORPORATION.

## No. 8287.

Circuit Court of Appeals, Sixth Circuit.
June 28, 1939.

Charles J. Andre, of St. Paul, Minn. (Butzel, Eaman, Long, Gust & Bills, of Detroit, Mich., and Sanborn, Graves, Appel, Andre & Morton, of St. Paul, Minn., on the brief), for appellant.

Rowland W. Fixel, of Detroit, Mich. (McLeod, Fixel & Fixel, of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

"Dirigold" is the fanciful name used to designate flatware and hollow-ware in the manufacture of which is employed an alloy claimed to have been invented by two Swedish metallurgists, Molin and von Malmborg. It is made in accordance with a formula and by a process for combining copper, aluminum, and non-precious metals into an aluminum bronze, said to be superior to other aluminum bronzes in that it is less subject to oxidization. Since one grade of it resembles gold in appearance, it was given the name "Dirigold." A coarser grade was found suitable in the manufacture of builder's hardware and similar products, and to this was given the name "Alcobronze." Neither formula nor method is protected by patent, the inventors preferring to capitalize their discovery by maintaining it in secrecy. In 1921 they granted to a Swedish company, now styled Aktiebolaget Dirigold, the sole right to manufacture and sell alcobronze and dirigold and products thereof throughout the whole world except Scandinavia and Finland.

The present controversy arose between two American corporations, each claiming to be the exclusive licensee of the Swedish Company, with the sole right to use all formulae and processes for the melting, mixing and combining of copper, aluminum and other metals into metals known as dirigold and alcobronze, and each claiming exclusive right to the trade-marks "Dirigold" and "Alcobronze," which had been registered throughout the United States. The appellant asserts title under a license granted by the Swedish Company to a Delaware corporation, of which it claims to be successor by virtue of reorganization, and the appellee, the plaintiff below, under a license given to it by the Swedish Company in 1931, upon the assumption that all rights under the earlier contract reverted to the licensor therein in consequence of the liquidation of the licensee in pursuance of reservations contained in the 1924 contract.

The District Court, approving the findings of fact and conclusions of law reported by a Special Master upon voluminous testimony, including depositions taken in Sweden and elsewhere, entered a decree against the appellant and dismissed its cross-bill. The decree provides that the 1931 contract from the Swedish corporation to the appellee is in full force and effect, vests in the appellee the exclusive right to use the process known as Dirigold and Alcobronze, and to market articles thereby produced under those trade names; that the appellant is without right to use the process; enjoins it from manufacture and sale thereunder, and from the use of the trade names, and requires it to assign to the appellee trade-marks registered by it in the United States and Canada, and to account for profits arising from manufacture under the process from July 3, 1935, to date of the decree.

Decision on the merits will require construction of the 1924 and the 1931 contracts, the execution of the latter being asserted to be conditional and contingent upon the termination of the 1924 contract. Such construction will require consideration of the circumstances attending execution of the contracts, the effect of the organization, liquidation and reorganization of the several companies, and questions of waiver, forfeiture and rescission. It appears, however, that before these problems may be intelligently approached a preliminary question of justiciable controversy must be considered.

The appellant insists that the case has become moot. Under orders of the Federal Trade Commission the use of the trade-mark "Dirigold" has been declared to be an unfair trade practice, and the appellant and the appellee are both required to cease and desist from employing it. The appellant has discontinued its use and has dropped the word Dirigold from its corporate name, its style now being American Art Alloys, Inc. More important is the suggestion that the secret formula and process, the right to the use of which presents the major issue in the controversy, are no longer secret, and lie in the public domain. We are referred to and have had exhibited to us a work, "Engineering Alloys," by Norman E. Woldman, Ph.D., and Albert J. Dornblatt, Ch.E., published by the American Society for Metals, copy-

righted 1936. On page 189 of the book is printed what purports to be the composition of the alloy known as dirigold, with remarks as to its properties, and we are assured that by means of this analysis and the application of commonly known foundry practices metallurgists or foundrymen, experienced in making aluminum bronzes, can produce dirigold.

In response the appellee says that the orders of the Federal Trade Commission affect the use of Dirigold as a trade-mark or trade name only in respect to products moving in interstate commerce, and that the trade-marks still have substantial value in intrastate commerce and in Canada; that the published formula purporting to be that of dirigold is not necessarily the secret formula which is the subject matter of this controversy, and, even if so, it does not mean that the alloy can be made by one not possessing the secret process, which has not been disclosed to the public.

It is clear, however, that all facts bearing upon the controversy and necessary to its determination are not before the court. Since both litigants have marketed their products under the trade name through retail dealers and distributors throughout the United States, we are unable to say upon this record whether the condemned trade-mark "Dirigold" has any value if excluded from use in connection with articles moving in interstate commerce. We are likewise unable to say upon this record whether a property right resides in a formula and process when the former has been given to the public and may proclaim the latter. Certainly a court of equity will not sustain restraint in the use of that which lies on the public commons accessible to all. It therefore becomes necessary to remand the case for further evidence and appropriate findings of fact thereon. Since the burden was upon the appellee to maintain its right to injunction, the injunctional order should not remain in effect while the hearing is being completed. As the Swedish Company has been dissolved since the hearing below, and as under its agreement with the inventors all rights reverted upon dissolution, the court should consider the effect of the demise of the Swedish Company upon the rights of either American corporation under its alleged license.

Having in mind that the taking of evidence upon the question whether the published formula is the true formula, and whether if so its dedication to the public is a dedication of the process, may threaten exposure of both formula and process if they be still secret, evidence may be taken in camera and sealed as was done in A. O. Smith Corp. v. Petroleum Iron Works Co., 6 Cir., 73 F.2d 531 (see note at page 539).

Decree reversed without prejudice and cause remanded for further proceedings in conformity herewith.